### HILL v. HILL.

1. DIVORCE—ALIMONY—CONSTRUCTION OF DECREE.
   Where divorce decree first provided for division of property and next provided for payment of $4,500, expressly as alimony, in $150 instalments for 10 months in each of the next three years, latter provision was enforceable by contempt proceedings, notwithstanding that previously executed property settlement in making provision for payment of the $4,500 did not use the term "alimony," where plaintiff husband is shown to have considered it such at the hearing of the divorce case as well as in subsequent petition to modify the decree.

2. SAME—PERMANENT ALIMONY.
   Permanent alimony is provision for the support and maintenance of the wife out of the husband's estate during her lifetime, ordered by a court on decreeing a divorce.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 17 Am. Jur., Divorce and Separation, § 666.
[2–3] 17 Am. Jur., Divorce and Separation, §§ 586, 587.
[5] 12 Am. Jur., Contempt, § 77.
[6] 15 Am. Jur., Criminal Law, § 498.
[7] 37 Am. Jur., Motions, Rules and Orders, § 32.

3. SAME—ALIMONY—DIVISION OF PROPERTY.
   The award of alimony is essentially a different thing from a division of property of the parties.

4. SAME—ALIMONY—ENFORCEMENT.
   An award for alimony is enforceable by contempt.

5. SAME—ALIMONY—CONTEMPT—PROBATION—TIME—STATUTES.
   Order adjudging plaintiff husband guilty of contempt for non-payment of alimony but placing him on probation without specifically stating period of probation failed thereby to comply with statute (3 Comp. Laws 1929, § 17372).

6. CRIMINAL LAW—PROBATION—DURATION—STATUTES.
   An order of probation must comply with statutory requirements and must specify the period during which it is to continue (3 Comp. Laws 1929, § 17372).

7. SAME—PROBATION—DEFECTIVE ORDER—AMENDMENT.
   An order of probation that is defective in that it failed to state the period during which it is to continue may be corrected by the entry of an amended order (3 Comp. Laws 1929, § 17372).

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 9, 1948. (Docket No. 37, Calendar No. 43,926). Decided September 8, 1948.

Divorce proceedings by Herman V. Hill against Irene C. Hill. Plaintiff was found guilty of contempt for failure to comply with provisions of decree and was placed on probation. Plaintiff appeals. Affirmed and remanded for further proceedings.

*Roy G. Lord,* for plaintiff.

*Edward L. Bryant,* for defendant.

CARR, J. Plaintiff appeals from an order adjudging him guilty of contempt of court for noncompliance with a provision of a decree of divorce requiring payment of money, in instalments, to defendant. Said decree was granted on January 15, 1947. The suit was not contested but shortly after it was instituted the parties entered into a written agreement with reference to property matters and the payment of the moneys in question here. In accordance with

such agreement the decree provided for the sale of real estate owned by the parties and an equal division of the net proceeds. It was specifically provided further that "this provision made for said defendant shall be in lieu of her dower in the property of the plaintiff and in just satisfaction of all claims that she may have in any property which the plaintiff owns or may hereafter own."

The next paragraph of the decree is directly involved here and reads as follows:

"It is further adjudged and decreed that the plaintiff, Herman V. Hill, pay to the defendant, Irene C. Hill, the sum of $4,500 as alimony, payable at the rate of $1,500 per year for a period of three years, said yearly payments to be paid in 10 equal monthly instalments of $150 on the first of each month except August and September of each year, and, that the payment of the above sum as alimony shall be in full satisfaction of all obligation of support and from all other claims, rights and duties arising out of said marital relationship."

Plaintiff failed to make the payments required by the above-quoted provision, in consequence of which he was brought into court on a show-cause order and adjudged guilty of contempt of court by order filed September 29, 1947. Said order further provided that plaintiff be placed on probation and that "during the term" thereof he should pay the amount in default, the sum of $450, in monthly instalments, beginning September 29, 1947, in addition to the monthly payments of $150 each in accordance with the terms of the decree of divorce. The period of such probation was not specifically stated in the order. From such order plaintiff has appealed.

The principal question at issue involves the interpretation of the provision of the decree requiring the payment of the sum of $4,500 to defendant in the manner stated therein. Plaintiff contends that such

provision is not one for the payment of alimony alone, insisting that the provision so made for defendant should be regarded as in lieu of dower. Such claim is not consistent with the preceding paragraph of the decree in which the property division made was expressly declared to be in lieu of defendant's dower right in plaintiff's property. Reliance is also placed by plaintiff on the fact that the property settlement, in making provision for the payment of said sum of $4,500, did not use the term "alimony." However, on the hearing of the divorce case, plaintiff, examined by his counsel as a witness on his own behalf, testified as follows:

"*Q*. And you have agreed to give her a certain amount of money for her support?

"*A*. Yes, sir.

"*Q*. That is $150 a month for three years, amounting to $4,500?

"*A*. Yes, sir."

It is a fair assumption that plaintiff's attorney, in preparing the decree, considered that the sum payable in instalments was alimony; otherwise he would scarcely have designated it as such. It is significant, also, that plaintiff under date of May 19, 1947, filed a petition to modify the decree alleging that the defendant had remarried, and referring to the payments required by the provision of the decree in question here as alimony. The friend of the court, to whom the matter was referred, recommended dismissal of the petition on the ground that under the opinion of this Court in *Kutchai* v. *Kutchai*, 233 Mich. 569, the court had no power to modify an award of alimony in the form of a gross or lump sum of money or property. An order of dismissal was entered from which plaintiff undertook to appeal. Such appeal was later abandoned, apparently because of negotiations into which the parties entered.

Plaintiff has called attention in his brief to *Harner* v. *Harner,* 255 Mich. 515; *Sturgis* v. *Sturgis,* 300 Mich. 438; *Frohnapel* v. *Frohnapel,* 309 Mich. 215, and other decisions of this Court recognizing that an award to the wife in a divorce decree made in part for alimony and also in lieu of dower or in satisfaction of property claims is not enforceable by contempt proceedings. In the case at bar, however, all property rights, including dower, were covered by other provisions of the decree. The payment of the sum of $4,500 in the manner indicated was expressly declared to be alimony. The language of the provision clearly indicates that such was the intention of the court and that plaintiff and his counsel so regarded it. The payments were intended, as plaintiff testified before the trial court, for the support of the defendant.

A somewhat analogous question was involved in *Mesler* v. *Jackson Circuit Judge,* 188 Mich. 195. There the defendant was ordered to pay the plaintiff a specified sum at the rate of $10 per month. Such payment was not, as in the case at bar, expressly declared to be alimony. This Court held, however, that it should be so regarded, saying:

"We think it clearly appears that the sum ordered to be paid was intended for the support of the wife. Permanent alimony has been defined as a provision for the support and maintenance of a wife out of her husband's estate during her lifetime, ordered by a court on decreeing a divorce. The award of alimony is essentially a different thing from a division of property of the parties."

Of like import are *Tessmer* v. *Tessmer,* 261 Mich. 681; *Green* v. *Green,* 282 Mich. 34, and *Clark* v. *Clark,* 315 Mich. 254. Plaintiff's contention that the payments required by the decree, which payments he failed to make, were in part in lieu of dower or

other property rights of the defendant in the property of the plaintiff, is not tenable. Such payments were intended for the support of the divorced wife. The award being for alimony, the making of the payments directed by the decree may be enforced by contempt proceedings.

Plaintiff also points out that the order from which he appeals did not fix a definite period during which his probation should continue, and is for that reason open to objection. While the order required the payment of the amount in default within an indicated period, it does not follow that such period may be regarded as the term of probation. If such was the intention the language used does not clearly indicate the fact. It is also significant that the order required defendant to make payments, monthly, in accordance with the terms of the decree of divorce. An order of probation must comply with statutory requirements, and must, among other matters, specify the period during which it is to continue (see 3 Comp. Laws 1929, § 17372 (Stat. Ann. § 28.1132). The order in question cannot be construed as complying with these requirements. The defect may be corrected by the entry of an amended order. *People* v. *George,* 318 Mich. 329.

Other questions to which counsel have referred in their briefs have been considered and found to be without substantial merit. They are not of such character as to require discussion. Plaintiff was properly adjudged guilty of contempt of court and to that extent the order from which he has appealed is affirmed. The case is remanded for further proceedings consistent herewith. Defendant may have costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.