*In re* CRAMER.

1. CRIMINAL LAW—ORDER OF PROBATION—STATUTES.
    An order of probation must comply with statutory requirements
    (CL 1948, § 771.3).

2. SAME — ORDER OF PROBATION — IMMEDIATE IMPRISONMENT —
    STATUTES.
    Order of probation to defendant who had pleaded guilty to
    malicious destruction of property, which corrected a pre-
    viously-made order by requiring immediate imprisonment in
    the county jail was valid, since the order of probation then
    complied with the statutory requirements (CL 1948, § 771.3).

Habeas corpus by Ernest Cramer with accom-
panying certiorari to obtain his release from Van
Buren County jail. Submitted October 23, 1952.
(Calendar No. 45,557.) Writ dismissed December 9,
1952.

*Williams & Williams,* for plaintiff.

*Frank G. Millard,* Attorney General, and *Horace
W. Adams,* Prosecuting Attorney, for the people.

SHARPE, J. Petitioner, Ernest Cramer, was
charged in the justice of the peace court with having
feloniously, maliciously and wilfully torn down, de-
stroyed and defaced a certain sign, the property of
a gas company. He pleaded guilty to the charge

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Pardon, Reprieve, and Amnesty §§ 86, 87.

and appealed the cause to the circuit court of Van Buren county.

On March 27, 1952, after pleading guilty to the charge of malicious destruction of property, the circuit court accepted the plea of guilty and placed petitioner on 2 years probation.

The fifth condition required by the order of probation reads as follows:

"On the day following the close of school in the Lawton, Michigan high school he shall be committed to the jail of Van Buren county for a period of 60 days."

On May 23, 1952, prior to the completion of the school year petitioner filed a motion to strike the above condition from the order of probation. Petitioner reported to the county jail on June 5, 1952, where he remained for 2 days. On June 13, 1952, the trial court entered an order correcting the above condition, the same now reading as follows:

"That you be committed to the county jail immediately for a period of 58 days."

Petitioner applied to the Supreme Court for a writ of habeas corpus, which was issued, together with certiorari returnable August 5, 1952.

In *Hill* v. *Hill,* 322 Mich 98, we held that an order of probation must comply with statutory requirements. The statute, CL 1948, § 771.3 (Stat Ann § 28.1133), in part provides:

"As a condition of probation, the court may require the probationer to be immediately imprisoned in the county jail for not more than 60 days, or that he shall pay immediately or within the period of his probation, a fine imposed at the time of being placed on probation, or both, in the discretion of the court."

In the case at bar the order of probation of March 27, 1952, did not comply with the statutory require-

ments in that it did not require the petitioner to be immediately imprisoned in the county jail for a period of 60 days, as required by the order of probation, but delayed such jail sentence until the termination of school.

In *People* v. *George,* 318 Mich 329, the trial court made an order of probation in that he required the defendant to move to another locality and take psychiatric treatments, as well as bring in a report from a doctor once a month. We there held that the above unwritten and oral requirements were invalid and remanded the cause for entry of a correct order of probation.

See, also, *Hill* v. *Hill, supra; In re Rudnik,* 333 Mich 216; and *People* v. *Good,* 287 Mich 110.

In the case at bar the first order of probation was issued March 27, 1952. This order provided that petitioner be confined to the county jail at the close of the school year. On June 13, 1952, the trial court rescinded the above order and issued an order of probation requiring petitioner to be committed to the county jail for a period of 58 days. In our opinion the order of June 13, 1952, amounted to a correction of an invalid order issued March 27, 1952, and as such was and is valid. The cause is remanded to the circuit court for execution of the order of probation.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.