PEOPLE v CAMMON

1. CRIMINAL LAW—PROBATION—REVOCATION—CHARGES—NOTICE—
   STATUTES.

   A written charge which stated that a defendant had been ex-
   pelled from a probation camp was adequate notice under the
   governing statute of the charge against the defendant for which
   revocation of probation was sought, where defendant was or-
   dered to remain at probation camp and the order provided for
   sentencing if defendant did not comply with the order's provi-
   sions (MCLA 771.4).

2. CRIMINAL LAW—PROBATION—PROBATION VIOLATION—PRELIMINARY
   NOTICE—PRELIMINARY HEARING.

   A defendant charged with a violation of probation is not entitled
   to a preliminary notice and preliminary hearing where he was
   already in the physical custody of authorities.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 May 13, 1975, at Lansing.
(Docket No. 19754.) Decided May 29, 1975. Leave
to appeal denied, 394 Mich 841.

James T. Cammon was convicted, on his plea of
guilty, of armed robbery and he was placed on
probation. Probation revoked. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *Elaine Dierwa Fischhoff,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 567, 568.

*Richard M. Barron,* for defendant on appeal.

Before: Quinn, P. J. and Bronson and N. J. Kaufman, JJ.

Quinn, P. J. December 4, 1972, defendant pleaded guilty to assault with intent to rob being armed, MCLA 750.89; MSA 28.284. The plea was conditioned on the trial court's acceptance of a probation department recommendation that defendant be sentenced to a combination of probation and probation camp confinement under the youthful offender provisions of MCLA 771.3a; MSA 28.1133(1).

The trial court accepted the plea as so conditioned and sentenced defendant to three years probation, the first year to be spent at a probation camp. January 16, 1973, defendant was sent to Camp Pugsley. August 2, 1973, defendant was expelled from the camp for various acts of misconduct and was returned to the Genesee county jail.

Probation officials petitioned for a bench warrant and a probation revocation hearing. A copy of the petition was served on defendant. The stated reason for the requested revocation was "he (defendant) was expelled from Camp Pugsley".

Prior to a hearing on this charge, the trial court appointed counsel for defendant on August 15, 1973. Subsequently, the judge conferred on the record with the appointed attorney and set the date for the revocation hearing only after assuring himself that both the defense and the prosecution would have adequate time to prepare.

The revocation hearing was held on August 30, 1973. Several Camp Pugsley officials were brought to Flint and testified to the details of the defendant's misconduct. The defendant's attorney cross-examined these witnesses effectively. There was no

objection at the time to the inadequacy of the notice of charges. After hearing the evidence, the trial judge revoked the probation and sentenced the defendant to prison. One term of defendant's probation order read as follows:

"To spend first year in probation camp and to be confined in county jail until transferred. If unable to transfer to spend first six months in county jail, with credit for time already spent in jail."

The order contained the usual provision "if said respondent does not comply with the provisions of this order then he may be brought into this court and sentenced".

A provision of MCLA 771.3a reads:

"A violation by the probationer of the rules and regulations of the department shall constitute sufficient grounds for the revocation by the court of its probation order in such case and for the sentencing of the probationer for the offense for which he was originally convicted and placed on probation."

MCLA 771.4; MSA 28.1134 governs revocation of probation and provides in part:

"Provided however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon."

On appeal, defendant first contends that the revocation proceedings did not comply with MCLA 771.4, *supra,* because the charge "expelled from Camp Pugsley" was inadequate notice of the charges against him. Defendant asserts the notice of charges against him must include those charges for which he was expelled.

We cannot accept this argument. Defendant was ordered to remain at a probation camp for one year. He did not because of his expulsion. Specification of the expulsion was adequate notice of the charge against him for which revocation of probation was sought. The inquiry then was the basis for the expulsion.

We find full compliance with MCLA 771.4, *supra,* and that none of defendant's rights were violated.

Relying on *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), defendant claims he was entitled to a preliminary notice and hearing. Neither case involved a defendant who was already in the physical custody of the authorities as was Cammon. Both cases are inapposite.

Affirmed.