PEOPLE v CARL SMITH

1. CRIMINAL LAW—PROBATION—CONDITIONS OF PROBATION—STATU-
TORY REQUIREMENTS—VALIDITY OF CONDITIONS.

An order of probation must comply with statutory requirements
in order to be valid; however, where one of the conditions of
probation is in violation of statute the whole order of probation
is not thereby invalid, and ordinarily such a case will be
remanded for entry of a proper order of probation.

2. CRIMINAL LAW—PROBATION—IMPRISONMENT—CONDITIONS OF PRO-
BATION—STATUTES.

A defendant who served less than six months imprisonment
under an order of probation which called for the first 12
months to be spent in confinement was not prejudiced by the
fact that the 12-month requirement was invalid under a statute
limiting confinement as a condition of probation to six months
(MCLA 771.3; MSA 28.1133).

3. CRIMINAL LAW—PROBATION—IMPRISONMENT—CONDITIONS OF PRO-
BATION—STATUTES.

Incarceration and probation are not mutually exclusive, as the
imposition of confinement may be a condition of probation;
therefore, any acts committed by a defendant during a time in
which he should have been incarcerated pursuant to a proba-
tion order, but had escaped, may be considered acts in violation
of the probation (MCLA 771.3; MSA 28.1133).

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted April 12, 1976, at Lansing. (Docket No.
23908.) Decided May 27, 1976.

Carl Smith was convicted, on his plea of guilty,
of taking indecent liberties and was placed on
probation. Probation was subsequently revoked

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 562 *et seq.*

and defendant sentenced to prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lee Wm. Atkinson,* Chief Assistant Prosecuting Attorney, for the people.

*Dunnings & Gibson, P. C.,* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

M. F. CAVANAGH, J. Defendant pled guilty to the charge of taking indecent liberties, MCLA 750.336; MSA 28.568,[1] and was sentenced to two years probation with the first year to be spent in the Ingham County jail, pursuant to MCLA 771.3; MSA 28.1133. Less than two months after sentencing defendant escaped from custody and left the state. He was apprehended several months later when he returned to Lansing and pled guilty to escaping custody. Defendant's probation was subsequently revoked for violating a criminal law by escaping jail and for leaving the state without the court's consent, contrary to two of the provisions of the probation order. He was sentenced to a term in prison of 5 to 10 years. When the trial court sentenced defendant for violation of probation, it amended its original order of probation to bring the period of incarceration within the limits of the statute.

In this appeal defendant first claims that since the incarceration term of the initial order of probation did not comply with the statute, it was

_____

[1] Repealed, 1974 PA 266. *See,* now, MCLA 750.520a *et seq.;* MSA 28.788(1) *et seq.*

invalid and defendant therefore could not be held
to violate such an order.

To be valid, an order of probation must comply
with statutory requirements. *In re Cramer,* 335
Mich 150; 55 NW2d 772 (1952), citing *Hill v Hill,*
322 Mich 98; 33 NW2d 678 (1948).

MCLA 771.3; MSA 28.1133, provides, in part:

"As a condition of probation, the court may require
the probationer to be imprisoned in the county jail or
the house of correction for not more than 6 months, at
such time or intervals, which may be consecutive or
nonconsecutive, within the probation period as the
court in its discretion may determine, or that he shall
pay immediately or within the period of his probation,
a fine imposed at the time of being placed on probation,
or both, in the discretion of the court; but the period of
confinement shall not exceed the maximum period of
imprisonment provided for the offense charged if such
maximum period is less than 6 months."

Several cases dealing with the validity of a portion
of an order of probation impliedly indicate that
where one condition of probation is found to be
invalid, it does not necessarily follow that the
whole order is invalid. *People v Peterson,* 62 Mich
App 258, 270; 233 NW2d 250 (1975), *People v
Becker,* 349 Mich 476; 84 NW2d 833 (1957), and
*People v Good,* 287 Mich 110; 282 NW 920 (1938).
The trial court's correction of the initial infirm
order was valid. See *In re Cramer, supra.*

Consonant with the above cases, we hold that,
where one of the conditions of probation is in
violation of statute, the whole order of probation is
not thereby invalid. The ordinary remedy, as in
the above cases, is remand for entry of a proper
order of probation. In the present case, the trial
court has already corrected its error. Furthermore,
the probation condition requiring imprisonment in

jail was valid, except to the extent that it required more than six months confinement. Since defendant had served less than six months under the original order, he was not prejudiced by the sentence of 12 months confinement.

Defendant alternatively asserts in this appeal that during the time he was in jail he was not on probation, as incarceration and probation are mutually exclusive, therefore, any acts committed by the defendant during the period in which he was to be incarcerated cannot be considered acts which would constitute a probation violation. This assertion is without merit. MCLA 771.3; MSA 28.1133 clearly indicates that the imposition of jail time pursuant thereto is a condition of probation. It is equally clear that any acts committed by defendant during the period in which he was to be incarcerated may be acts in violation of that probation. *Cf. People v Cammon,* 61 Mich App 315, 318; 232 NW2d 399 (1975).

Affirmed.