PEOPLE v KAAKE

Docket No. 58443. Submitted March 2, 1982, at Lansing.—Decided June 1, 1982.

Defendant, Tammy Kaake, was charged with delivery of LSD and marijuana. While out on bond, she committed other drug offenses, including delivery of less than 50 grams of cocaine. Defendant pled guilty to the cocaine offense while the initial LSD/marijuana offense was pending. Defendant then pled guilty to the delivery of LSD charge under a plea bargain to dismiss all other drug charges except the cocaine delivery, not to recommend a consecutive sentence, and to continue bond. Defendant was sentenced for the cocaine delivery and, one day later, for the LSD conviction, Isabella Circuit Court, Paul F. O'Connell, J. Defendant appealed the LSD plea and sentence. *Held:*

1. Employment by the trial judge of the words "possible maximum sentence" when, in taking defendant's plea, he informed defendant of the maximum sentence possible complied with the requirement imposed by the court rule.

2. The court was not under a misapprehension as to the possibility of a consecutive sentence, as defendant alleges. The consecutive sentence statute, which provides that consecutive sentences may be imposed where a person who has been charged with a felony commits a subsequent felony while the disposition of the prior felony is still pending, allows for consecutive sentences regardless of the chronological order of the sentencings.

Affirmed.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

The consecutive sentence statute, which provides that consecutive sentences may be imposed where a person who has been charged with a felony commits a subsequent felony while the disposition of the prior felony is still pending, allows for consecutive sentences regardless of the chronological order of the sentencings (MCL 768.7b; MSA 28.1030[2]).

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 552, 554.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Elgin L. Wheeler,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Defendant pled guilty to delivery of a controlled substance, in violation of MCL 333.7401(1), (2)(b); MSA 14.15(7401)(1), (2)(b). Defendant was sentenced to a term of imprisonment of 1-1/2 to 7 years and now appeals by right.

Defendant's first issue on appeal is frivolous. At the plea, the trial judge advised defendant that the maximum possible prison sentence for the offense was seven years. GCR 1963, 785.7(1)(b) requires the court to tell defendant "the maximum possible prison sentence for the offense"; the trial court specifically complied with this requirement. We find no merit to defendant's claim that the trial court's use of the words "possible maximum sentence" implied that a lesser maximum sentence was also possible.

Defendant's second issue on appeal is that a mistake of law occurred because the judge misunderstood his sentencing authority under the consecutive sentence statute. Defendant argues that there was no possibility of a consecutive sentence being imposed for this offense because at the time defendant committed the present felony she had not been charged with another crime.

The consecutive sentence statute, MCL 768.7b;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.1030(2), provides that, when a person who has been charged with a felony commits a subsequent felony while the disposition of the prior felony is still pending, consecutive sentences may be imposed. Defendant was convicted of two such felonies. The fact that defendant was sentenced for the subsequent offense before being sentenced for the prior offense does not prevent the sentence on the prior offense from running consecutively. The consecutive sentence may be imposed on the "prior" or the "subsequent" offense, whichever receives a sentence later in time.

Affirmed.