PEOPLE v RONDON

Docket No. 81507. Submitted May 9, 1985, at Grand Rapids.—Decided
July 16, 1985. Leave to appeal applied for.

Idalberto B. Rondon was charged, in a two count information,
with possession with intent to deliver less than 50 grams of
heroin and of cocaine. Defendant was thereafter charged in a
separate information with another count of possession with
intent to deliver less than 50 grams of cocaine, the offense
giving rise to this second information having been committed
during the pendency of the disposition of the charges in the
first information. Defendant pled guilty in Kent Circuit Court,
Stuart Hoffius, J., to the delivery of heroin count from the first
information and the delivery of cocaine count from the second
information in exchange for the dropping of other charges.
Sentencing on the cocaine conviction from the second informa-
tion took place first, at which Judge Hoffius sentenced defen-
dant "to serve a term of not less than five nor more than 20
years, sentence to run consecutive to the sentence that has
heretofore been imposed". Three days later, defendant was
sentenced on the heroin conviction from the first information
by George R. Cook, J., the sentence being "for a period not less
than three years nor more than twenty years, that sentence to
run concurrent with the sentence imposed by Judge Hoffius".
Defendant appealed the cocaine conviction, raising only the
question of whether the sentence should be concurrent rather
than consecutive as ordered by Judge Hoffius. *Held:*

The discretion to determine under the consecutive sentencing
statute whether the sentence for the prior felony and the
sentence for the felony committed during the pendency of the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law §§ 552, 553.
 Propriety of imposing consecutive sentences upon convictions, un-
 der federal statutes, of unlawful receipt, transportation, or mak-
 ing and possession of same firearm. 55 ALR Fed 633.
 Right to credit on state sentence for time served under sentence of
 court of separate jurisdiction where state court fails to specify in
 that regard. 90 ALR3d 408.

disposition of the prior felony should be served consecutively rather than concurrently lies with the judge who imposes sentence chronologically later. Accordingly, even though the cocaine conviction arose out of an offense which was committed subsequent to and during the pendency of the heroin charge, Judge Hoffius was without authority to determine whether the cocaine conviction sentence should run consecutively to the heroin conviction sentence, since that determination rested with Judge Cook when he later imposed sentence for the heroin conviction.

The two sentences are to run concurrently.

1. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

The sentences imposed for a prior charged felony and any subsequent felony may run consecutively when a person who has been charged with a felony commits a subsequent felony during the pendency of the prior charged felony; the decision to make the sentences consecutive is discretionary with the sentencing judge (MCL 768.7b; MSA 28.1030[2]).

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

The consecutive sentencing statute which provides for consecutive sentencing where a person charged with a felony commits a subsequent felony while disposition of the prior felony is pending permits only that the sentencing judge imposing the latter of the sentences may make the determination of whether the sentences should run consecutively, since it is only that judge who can determine whether consecutive sentencing is warranted; accordingly, it is error for the sentencing judge to prospectively order that the sentence imposed for the subsequent offense run consecutively with the sentence imposed for the prior offense where the sentence for the subsequent offense is imposed before the sentence for the prior offense (MCL 768.7b; MSA 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Catchick & Dodge* (by *David A. Dodge),* for defendant on appeal.

Before: SHEPHERD, P.J., and R. M. MAHER and W. R. PETERSON,* JJ.

PER CURIAM. Defendant was charged, in a two-count information, with possession with intent to deliver of less than 50 grams of heroin and of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). (Circuit Court No. 83-33410-FY.) Subsequently, the prosecutor filed two additional charges, including one count of delivery of less than 50 grams of cocaine. (Circuit Court No. 83-35031-FH.) Defendant committed the latter offense during the pendency of the disposition of the first two charges. On August 29, 1984, defendant pled guilty to possession with intent to deliver heroin in case No. 83-33410-FY and to the cocaine delivery in case No. 83-35031-FH. In No. 83-35031-FH, sentencing was scheduled for October 9, 1984. In No. 83-33410-FY, sentencing was scheduled for October 12, before a different judge.

On October 9, the circuit judge sentenced defendant in No. 83-35031-FH to from 5 to 20 years imprisonment, the term to run consecutively, in the circuit judge's words, to the term "heretofore imposed" in case No. 83-33410-FY. However, no term had yet been imposed in No. 83-33410-FY. On October 12, the other judge sentenced defendant to from 3 to 20 years imprisonment in No. 83-33410-FY, and did not order that the term run consecutively to that imposed three days earlier in the other case.

We agree with defendant's assertion that the judge who pronounced sentence in case No. 83-35031-FH lacked authority to order that the term run consecutively to a sentence not yet imposed in the other case.

Under MCL 768.7b; MSA 28.1030(2):

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, *may* run consecutively.

"(b) The sentences imposed for conviction of the prior charged offense and a subsequent offense which is a major controlled substance offense shall run consecutively" (Emphasis added.)

Delivery of less than 50 grams of cocaine is not a "major controlled substance offense". MCL 761.2; MSA 28.843(12). Therefore, the paragraph making the imposition of consecutive sentences mandatory, MCL 768.7b(b), is not applicable. The decision whether to order consecutive sentences involves the discretion of the sentencing court. *People v Gjidoda,* 140 Mich App 294, 299; 364 NW2d 698 (1985); *People v Hacker,* 127 Mich App 796, 799; 339 NW2d 645 (1983); *People v Williams,* 89 Mich App 633, 636; 280 NW2d 617 (1979). The most significant factor affecting the court's exercise of discretion is the length of sentence in the other case, a factor not yet established when the trial court made the sentence consecutive in the present matter. There was not so much an abuse of discretion as a decision made without the benefit "of the basic operative facts upon which any such discretion might have validly been exercised". *Stone v Stone,* 349 Mich 162, 174; 84 NW2d 338 (1957).

The people argue that defendant has no real complaint, because "[t]he effect of consecutive sentences is not to increase the maximum punish-

ment prescribed for the second offense but merely [to postpone] the time at which the second sentence will commence". *People v Bonner,* 49 Mich App 153, 160; 211 NW2d 542 (1973). We cannot ignore the effect which a decision to impose a consecutive sentence has on the time defendant ultimately will spend in prison. This decision, like the decision as to the length of the term itself, "must be tailored to fit the particular circumstances of the case and the defendant". *People v Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983); *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). The judge is incapable of such a determination when he imposes a consecutive sentence without knowing the amount of time to which it will be consecutive.

The people urge that our holding is an unwarranted narrowing of the statute, based on the "fortuitous happenstance" that the sentence for the "subsequent offense", MCL 768.7b, was imposed first. We disagree. The judge who sentenced defendant second could have made the sentence consecutive, even though the sentence was imposed for the first felony. This Court so held in *People v Kaake,* 118 Mich App 71, 73; 324 NW2d 488 (1982): "The consecutive sentence may be imposed on the 'prior' or the 'subsequent' offense, whichever receives a sentence later in time."

In actuality, it is the people who advance a radical interpretation of the statute, one which would expose the offender twice to the risk of consecutive sentencing. This interpretation is revealed in all its broadness by the people's secondary argument that, if the judge lacked authority to impose a consecutive sentence until the other judge acted, then we should remand the matter to him for a fresh exercise of discretion, now that the

other judge's decision is available for consideration.

We decline to do so. Under the statute, only the judge who presides at the second sentencing has the authority to exercise discretion in imposing a consecutive sentence. In this case, the first judge was without authority to do so and the second judge, who did have authority, chose not to exercise it. Like the panel which decided *Kaake, supra,* we believe that a single decision whether to impose consecutive sentences is enough to fulfill the purpose of the statute. Neither the people nor the defendant, for that matter, is entitled to reconsideration of this decision.

In No. 83-35031-FH, the portion of the sentence providing that the sentence shall be consecutive to that imposed in No. 83-33410-FY is hereby vacated. The two sentences are to run concurrently.