PEOPLE v BENDA

Docket No. 92813. Submitted December 3, 1986, at Detroit. Decided August 4, 1987.

Daniel Benda was convicted, on his plea of guilty, of delivery of between 50 and 225 grams of cocaine and was sentenced to a lifetime of probation with a provision that the first year be spent in the county jail, Macomb Circuit Court, Raymond R. Cashen, J. Defendant appealed.

The Court of Appeals *held:*

1. A defendant who is convicted of unlawfully manufacturing, delivering, or possessing with intent to manufacture or deliver between 50 and 225 grams of any mixture containing cocaine may not be sentenced to serve time in jail as a condition of life probation.

2. A sentence within the range provided by statute, i.e., life probation, would remain were the Court of Appeals to set aside the provision of jail time and otherwise affirm the sentence. However, a remand for a resentencing of defendant is needed in view of the sentencing court's exclusive authority to impose a sentence tailored to the specific circumstances of defendant and the needs of the community.

Reversed and remanded for resentencing.

DANHOF, C.J., concurred with the majority's holding that jail time may not be imposed as a condition of life probation, but dissented from the majority's decision to remand for resentencing. Judge DANHOF would hold that the Court of Appeals is broadly empowered to grant relief as the case may require and would hold that the proper remedy in this case would be to vacate the one-year jail term and otherwise affirm the sentence.

CONTROLLED SUBSTANCES — SENTENCING — PROBATION — JAIL TIME — APPEAL.

A defendant who is convicted of unlawfully manufacturing, deliv-

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons § 48.

Sufficiency of evidence that possessor of cocaine had intent to distribute it, as to violate 21 USCS § 841(a). 80 ALR Fed 397.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

ering, or possessing with intent to manufacture or deliver
between 50 and 225 grams of any mixture containing cocaine
may not be sentenced to serve time in jail as a condition of life
probation; the remedy on appeal from such a sentence is a
remand for resentencing (MCL 333.7401[2][a][iii], 771.1[3],
771.2[3]; MSA 14.15[7401][2][a][iii], 28.1131[3], 28.1132[3]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, *Don L. Milbourn,* Chief Appellate
Lawyer, and *Edward L. Graham,* Assistant Prose-
cuting Attorney, for the people.

*Neil H. Fink* and *David Griem,* for defendant on
appeal.

Before: DANHOF, C.J., and SHEPHERD and W. A.
PORTER,* JJ.

PER CURIAM. Defendant pled guilty to the un-
lawful manufacture, delivery, or possession with
intent to manufacture or deliver the same, of a
mixture containing cocaine in an amount of 50
grams or more but less than 225 grams, MCL
333.7401(1), (2)(a)(iii); MSA 14.15(7401)(1), (2)(a)(iii).
The sentencing court ordered that defendant be
placed on life probation. The order of probation
included a condition that defendant be incarcer-
ated in the county jail during the first year of
probation.

Defendant's sole contention on appeal is that the
circuit court exceeded its statutory authority by
imposing a one-year jail term as a condition of
probation. Since we agree, we remand for resen-
tencing.

The offense for which defendant was convicted
carries a penalty of either imprisonment for ten to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

twenty years or life probation. Life probation is statutorily authorized only for two stated offenses, the specific offense for which defendant was convicted, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and the similar offense of possession of a controlled substance of the same classifications and in the same quantity as the offense for which defendant was convicted, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii).[1] See MCL 771.1(3); MSA 28.1131(3), MCL 771.2(3); MSA 28.1132(3). Both offenses carry life probation only if the amount of the controlled substance in the defendant's possession is 50 grams or more, but less than 225 grams.

MCL 771.3; MSA 28.1133 provides in pertinent part:

(2) As a condition of probation, the court may require the probationer to do 1 or more of the following:

(a) Be imprisoned in the county jail for not more than 12 months, at the time or intervals, which may be consecutive or nonconsecutive, within the probation as the court may determine. However, the period of confinement shall not exceed the maximum period of imprisonment provided for the offense charged if the maximum period is less than 12 months.

(b) Pay immediately or within the period of his or her probation, a fine imposed at the time of being placed on probation.

(c) Pay costs pursuant to subsection (4).

---

[1] Both offenses are applicable only with respect to controlled substances that fall within specified classifications. These classifications are narcotic drugs listed in schedules 1 or 2, see MCL 333.7212; MSA 14.15(7212), MCL 333.7213; MSA 14.15(7213), MCL 333.7214; MSA 14.15(7214), and those controlled substances specified in MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv). Defendant's conviction was premised upon his involvement with cocaine, one of the substances listed in MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv).

(d) Pay restitution to the victim or the victim's estate.[2]

(e) Engage in community service.

(3) Subsection (2) shall not apply to a person who is placed on probation for life pursuant to sections 1(3) and 2(3) of this chapter [MCL 771.1(3); MSA 28.1131(3) and MCL 771.2(3); MSA 28.1132(3)].[3]

We read subsection (3) as an express legislative directive that the sentencing court not impose conditions that would otherwise be permissible under subsection (2) for a probation of lesser duration than life. The statute reflects a legislative determination that the imposition of life probation is sufficiently harsh that it need not be enhanced by a one-year jail term or any of the other conditions set forth in subsection (2). In this regard, it is noteworthy that the maximum probation period for any felony amenable to probation that does not carry a possible life probation sentence is five years (two years in the case of any nonfelony). MCL 771.2(1); MSA 28.1132(1).

The people argue that MCL 771.3(4); MSA 28.1133(4) vests the sentencing court with sufficient discretion to condition defendant's probation with a one-year jail sentence. Subsection (4) provides:

The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper. If the court requires the probationer to pay

---

[2] The phrase "or the victim's estate" did not become effective until after the commission of the acts for which defendant was charged. 1985 PA 89. In all other respects, the above-quoted statutory material has remained unchanged.

[3] MCL 771.1(3); MSA 28.1131(3) and MCL 771.2(3); MSA 28.1132(3) recognize the authority of the court to impose life probation for conviction of the two offenses set forth in MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii) and MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii).

costs, the costs shall be limited to expenses specifi-
cally incurred in prosecuting the defendant or
providing legal assistance to the defendant and
probationary oversight of the probationer.

The people's proffered interpretation would effec-
tively circumvent the subsection (3) prohibition
against the imposition of a one-year jail term in
addition to life probation. Although the sentencing
court's discretion in matters of the conditions to be
attached to probation is considerable, *People v
Chamberlain,* 136 Mich App 642, 650; 358 NW2d
572 (1984), lv den 421 Mich 864 (1985), this discre-
tion is effectively limited by subsection (3).

Our reading is consistent with two generally
recognized principles of statutory construction.
First, subsections (2) and (3), read together, consti-
tute a specific exception to the more general sub-
section (4) grant of judicial authority to fashion
conditions of probation. Where a specific provision
and a general provision encompass the same sub-
ject matter, the specific provision is controlling.
*Bannan v Saginaw,* 120 Mich App 307, 319-320;
328 NW2d 35 (1982), aff'd 420 Mich 376; 362
NW2d 668 (1984). Second, the adoption of the
prosecutor's interpretation would render subsec-
tion (3) a nullity. This would violate the principle
that statutes are to be construed in pari materia
in order to give each component subsection the
fullest effect. *Parks v DAIIE,* 426 Mich 191, 199;
393 NW2d 833 (1986).

Having concluded that the circuit court ex-
ceeded its statutory authority by imposing the one-
year jail term as a condition of probation, we must
now address the question of what is an appropri-
ate appellate remedy. Rather than simply vacate
the illegal condition, we hold that the proper
remedy is to remand for resentencing. In so hold-

ing, we do not mean to intimate what sentence the trial judge should impose, except that the sentence must not exceed the court's statutory authority.

Our conclusion is consistent with the general principles articulated in the seminal sentencing case of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), where it was recognized that only the trial court has the authority to impose a sentence. The underlying policy is to insure that the sentence is "tailored to fit the particular circumstances of the case and the defendant." *Id.,* p 537. If we were to vacate the illegal condition and otherwise affirm the probation order, the resultant sentence would be something other than what the trial judge imposed. Our power to amend the final judgment of the lower court, see MCR 7.216(A)(1), (7), must give way to the weighty policies underscored in *Coles.*

In *People v Gauntlett,* 134 Mich App 737; 352 NW2d 310 (1984), modified 419 Mich 909; 353 NW2d 463 (1984), this Court invalidated an order conditioning probation on the administration of Depo-Provera treatments for a defendant convicted of first-degree criminal sexual conduct, holding that the condition of probation was unlawful. Because the sentence without the condition was excessively lenient under the standard for sentence review established in *Coles, supra,* this Court decided that remand for resentencing was the appropriate remedy. On appeal to our Supreme Court, the remedy of resentencing was not disturbed, but the Court summarily concluded that this Court, having decided that the condition of probation was illegal, "should have remanded the case, *without further direction,* . . . for resentencing." (Emphasis added.) This Court's *Coles* analysis was "premature." The holding of the Supreme Court was that the defendant must be sentenced anew on remand.

Consistent with the holding in *Gauntlett* is *People v Rondon,* 144 Mich App 410; 375 NW2d 761 (1985), rev'd 424 Mich 864 (1985), where the defendant was charged with an offense committed while other criminal charges were pending. The defendant pled guilty in both matters and was sentenced first for the subsequently committed offense. The first sentencing judge ordered that the prison term run consecutively to the term yet to be imposed in the other case. This Court vacated the discretionary consecutive sentence, imposed pursuant to MCL 768.7b; MSA 28.1030(2), on the ground that only the second sentencing judge could impose a consecutive sentence. Rejecting the prosecutor's contention that the proper appellate remedy was to remand "for a fresh exercise of discretion," 144 Mich App 414, this Court further ordered that both sentences run concurrently. Our Supreme Court remanded for resentencing because the first sentencing judge (who imposed the invalid sentence) may have erroneously perceived that the other sentencing judge had already imposed a sentence. The Supreme Court explicitly provided that its remand mandate would permit the sentencing judge to exercise his discretion to consider the imposition of a consecutive sentence. Again the underlying principle is that a partially invalid sentence is properly remedied by a remand for resentencing so that the trial court is enabled to fashion a sentence tailored to the specific circumstances of the defendant and the needs of the community.

We do not read *People v Carl Smith,* 69 Mich App 247; 244 NW2d 433 (1976), to require a contrary result. In that case, the trial court corrected the invalid probation condition prior to appeal. Furthermore, this Court in *Carl Smith* did not preclude resentencing, but rather it noted only

that the "ordinary remedy" is "remand for entry of a proper order of probation." *Id.,* p 249. Thus, the trial court's exclusive jurisdiction to impose a sentence was not violated by the appellate remedy.[4]

Reversed and remanded for resentencing.

DANHOF, C.J. *(concurring in part; dissenting in part).* I fully agree with the majority's conclusion that a one-year jail term cannot be lawfully imposed as a condition of life probation. However, I would simply vacate the illegal sentence and not remand the case to the trial court for reconsideration of defendant's entire sentence.

While there are several cases in which this Court and the Supreme Court have ordered a remand after finding a condition of probation to be unlawful, I do not believe that such a result is the *only* appropriate remedy. In other cases, this Court has simply vacated the illegal condition. See, e.g., *People v Higgins,* 22 Mich App 479; 177 NW2d 716 (1970). See also *People v Carl Smith,* 69 Mich App 247, 249; 244 NW2d 433 (1976), where this Court acknowledged that the mere fact that one condition of probation is found to be invalid does not necessarily render the whole sentencing order invalid. I do not agree with the suggestion in *People v Gauntlett,* 134 Mich App 737, 753-754; 352 NW2d 310 (1984), that the decision of the Supreme Court in *People v Coles,* 417 Mich 523; 339 NW2d

---

[4] We are aware that another panel of this Court has recently decided the precise issue raised in this case in *People v Albane,* 160 Mich App 331; 408 NW2d 146 (1987). Although we agree with the *Albane* Court's conclusion that the one-year jail term was an unlawful sentence for the offense set forth in MCL 333.7401(1), (2)(a)(iii); MSA 14.15(7401)(1), (2)(a)(iii), we believe that the Court's decision to set aside the illegal jail term and to otherwise affirm the life probation was erroneous for the reasons set forth in this opinion. We note that the appellate remedy was imposed without any citation to authority or any legal rationale.

440 (1983), in any way restricts the options available to this Court to remedy the imposition of an illegal term of probation. Remedies are dependent almost exclusively upon the facts of each case and frequently vary from case to case. It would be an unwise policy decision to establish broad rules of law restricting the scope of permissible remedies. This Court is broadly empowered to grant relief "as the case may require." MCR 7.216(A)(7).

In the instant case, the trial court had only two options, a minimum prison term of not less than ten years without parole, MCL 333.7401(3); MSA 14.15(7401)(3), or life probation, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The disparity between these two alternatives is so great that a strong presumption of vindictiveness would arise if the trial court decides on remand to impose the ten-year minimum sentence. In my opinion, the appropriate remedy in the instant case would be to vacate the one-year jail term and otherwise affirm defendant's sentence. I would follow *People v Albane,* 160 Mich App 331; 408 NW2d 146 (1987).