PEOPLE v DYSON

PEOPLE v BARNES

Docket Nos. 123866, 126408. Submitted September 13, 1990, at Grand Rapids. Decided October 15, 1990. Leave to appeal applied for in *Barnes*.

Ronald Dyson pled guilty in the Kalamazoo Circuit Court of possession with intent to deliver less than fifty grams of cocaine. He was placed on probation for life and, as a condition of probation, was required to complete successfully a ninety-day Special Alternative Incarceration Program, more commonly referred to as "boot camp." He failed to successfully complete the program and thereafter pled guilty to a charge of probation violation. The trial court, Donald M. Goodwillie, Jr., J., sentenced Dyson to four to twenty years in prison. Dyson appealed.

Michael Barnes, Jr., pled guilty of the same crime in the same court and before the same judge. He received the same sentence of probation for life with the condition that he successfully complete the boot camp program. He failed to complete the program and, after he pled guilty to a charge of probation violation, was sentenced to five to twenty years in prison. Barnes appealed.

The appeals were consolidated and the Court of Appeals *held*:

The requirement that defendants participate in the boot camp program is a lawful condition of probation where they were sentenced to probation for life for a controlled substance offense.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PROBATION.

A trial court may impose, on a defendant sentenced to probation for life, any lawful condition of probation other than those listed in subsection 2 of the statute regarding conditions of probation (MCL 771.3; MSA 28.1133).

REFERENCES

Am Jur 2d, Criminal Law §§ 568, 570; Drugs, Narcotics, and Poisons § 48.

Propriety of conditioning probation on defendant's serving part of probationary period in jail or prison. 6 ALR4th 446.

2. CRIMINAL LAW — SENTENCING — PROBATION — CONTROLLED SUB-
    STANCES — BOOT CAMP.

    A defendant convicted of possession with intent to deliver less
    than fifty grams of cocaine who is sentenced to probation for
    life may be required as a condition of such probation to success-
    fully complete a ninety-day Special Alternative Incarceration
    Program, more commonly referred to as "boot camp" (MCL
    333.7401[2][a][iv], 771.3; MSA 14.15[7401][2][a][iv], 28.1133).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Karen M. Hayter* and *Anne M. McCarthy,* Assistant Prosecuting Attorneys, for the people.

*Jeanice Dagher-Margosian,* for defendants.

Before: WEAVER, P.J., and SAWYER and NEFF, JJ.

SAWYER, J. In these consolidated cases, defendants were convicted of a probation violation following a plea of guilty. Both now appeal and we affirm.

In Docket No. 123866, defendant Dyson originally pled guilty to possession with intent to deliver less than· fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and was placed on lifetime probation. A condition of probation was that he successfully complete a ninety-day Special Alternative Incarceration Program, more commonly referred to as "boot camp." Defendant's probation violation arises from the fact that he failed to successfully complete the boot camp program. Following his conviction on the probation violation charge, defendant was sentenced to a term of four to twenty years in prison.

In Docket No. 126408, defendant Barnes was also originally convicted by plea of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv),

and was placed on lifetime probation, with a condition of probation being successful completion of the ninety-day boot camp program. Defendant Barnes' probation violation also arises from his failure to complete the boot camp program. Following his conviction on the probation violation charge, defendant Barnes was sentenced to serve a term of five to twenty years in prison.

Both defendants raise the same issue, namely, whether the requirement that they participate in the boot camp program is a lawful condition of probation where they were sentenced to lifetime probation for a controlled substance offense. MCL 771.3; MSA 28.1133 provides in pertinent part as follows:

(2) As a condition of probation, the court may require the probationer to do 1 or more of the following:

(a) Be imprisoned in the county jail for not more than 12 months, at the time or intervals, which may be consecutive or nonconsecutive, within the probation as the court may determine. However, the period of confinement shall not exceed the maximum period of imprisonment provided for the offense charged if the maximum period is less than 12 months. This subdivision does not apply to a juvenile placed on probation and committed under section 1(3) or (4) of chapter IX to a state institution or agency described in Act No. 150 of the Public Acts of 1974, being sections 803.301 to 803.309 of the Michigan Compiled Laws.

(b) Pay immediately or within the period of his or her probation, a fine imposed at the time of being placed on probation.

(c) Pay costs pursuant to subsection (4).

(d) Pay restitution to the victim or the victim's estate.

(e) Engage in community service.

(3) Subsection (2) shall not apply to a person who

is placed on probation for life pursuant to sections 1(3) and 2(3) of this chapter.

(4) The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper. If the court requires the probationer to pay costs, the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer.

Defendants rely upon subsection (3), which provides that the provisions of subsection (2) do not apply to persons placed upon lifetime probation for various offenses, including the offenses committed by defendants in the cases at bar. However, the provisions of subsection (2) do not include commitment to the boot camp program. That is, while subsection (2) does concern commitment to the county jail as a condition of probation and thus cannot be a condition of probation for lifetime probationers under subsection (3),[1] the boot camp program is not listed within subsection (2) and, therefore, is not prohibited as a condition of probation for lifetime probationers under subsection (3).

As subsection (4) makes clear, the trial court may impose any lawful condition of probation as the circumstances may warrant. See also *People v Dickens,* 144 Mich App 49; 373 NW2d 241 (1985). Defendants do not argue that boot camp is not, in general, a lawful condition of probation.

For the above reasons, we conclude that a trial court may impose any lawful condition of probation on a defendant sentenced to life probation except for those five items specifically enumerated under MCL 771.3(2); MSA 28.1133(2), as provided in subsection (3) to that statute. Furthermore, since the boot camp program is not, by definition,

---

[1] See *People v Benda,* 162 Mich App 255; 412 NW2d 705 (1987).

imprisonment in the county jail, it is not a prohibited condition of probation under MCL 771.3(3); MSA 28.1133(3) for those placed on life probation. Accordingly, the trial court did not err in imposing the condition of probation upon defendants that they successfully complete the boot camp program nor in sentencing them for a probation violation for having failed to successfully satisfy that condition of probation.

Affirmed.