PEOPLE v WHITTED

Docket No. 142655. Submitted December 17, 1991, at Detroit. Decided December 4, 1992; approved for publication April 22, 1993, at 9:20 A.M.

Jonathan Whitted pleaded guilty in the Detroit Recorder's Court, John Patrick O'Brien, J., of delivery of less than fifty grams of cocaine. The court, believing that it did not have the discretion to impose a sentence of lifetime probation with electronic tethering for the first six months as a condition of probation, sentenced the defendant to three to fifteen years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

MCL 771.3(3); MSA 28.1133(3) prohibits confinement in a county jail as a condition of lifetime probation. Electronic tethering is not confinement in jail and may be imposed as a condition of lifetime probation.

Remanded for resentencing.

SENTENCES — LIFETIME PROBATION — ELECTRONIC TETHERING.

Electronic tethering may be imposed as a condition of lifetime probation (MCL 771.3[3]; MSA 28.1133[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and Jeffrey Caminsky, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for the defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law § 570.

See ALR Index under Parole, Probation, and Pardon.

Before: R.J. Danhof, P.J., and J. H. Gillis and
W. R. Beasley, JJ.*

Per Curiam. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL
333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a) (iv), and
was sentenced to three to fifteen years' imprisonment. He appeals as of right. We remand for
resentencing. This case has been decided without
oral argument pursuant to MCR 7.214(E)(1)(b).

Electronic tethering is not, by definition, imprisonment in the county jail, and, therefore, not a
prohibited condition under MCL 771.3(3); MSA
28.1133(3). It may properly be imposed as a condition of lifetime probation. *People v Dyson,* 185
Mich App 784, 787-788; 462 NW2d 845 (1990).
Because the trial court erroneously believed that it
did not have the discretion to impose a sentence of
lifetime probation with the first six months on the
electronic tether, we remand for resentending.
*People v Whalen,* 412 Mich 166, 170; 312 NW2d
638 (1981); *People v Mauch,* 23 Mich App 723, 730;
179 NW2d 184 (1970).

Remanded for resentencing. We do not retain
jurisdiction.

---

* Former Court of Appeals judges, sitting on the Court of Appeals
by assignment pursuant to Administrative Order No. 1991-9.