PEOPLE v BONNER

PEOPLE v BROWDER

1. Bᴜʀɢʟᴀʀʏ—Bʀᴇᴀᴋɪɴɢ ᴀɴᴅ Eɴᴛᴇʀɪɴɢ—Iɴᴛᴇɴᴛ—Iɴғᴇʀᴇɴᴄᴇꜱ— Qᴜᴇꜱᴛɪᴏɴ ғᴏʀ Jᴜʀʏ.

The act of breaking and entering implies some further criminal intent and whether the specific intent is larcenous is a question for a jury, provided that at least some circumstance reasonably leads to that conclusion.

2. Bᴜʀɢʟᴀʀʏ—Bʀᴇᴀᴋɪɴɢ ᴀɴᴅ Eɴᴛᴇʀɪɴɢ—Iɴᴛᴇɴᴛ—Iɴғᴇʀᴇɴᴄᴇꜱ.

A jury could properly infer an intent to commit larceny where an unexplained breaking and entering took place at 2 a.m. into a commercial business office shown to have contained dictating equipment, adding machines, tape recorders and amplifiers, even though the police arrived promptly and arrested the defendants before the venture was completed.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Fᴇʟᴏɴʏ—Cᴏɴꜱᴇᴄᴜᴛɪᴠᴇ Sᴇɴᴛᴇɴᴄᴇꜱ—Cᴏɴᴄᴜʀʀᴇɴᴛ Sᴇɴᴛᴇɴᴄᴇꜱ.

The purpose of the statute which provides that a sentence for a prior charged felony in an instance where a defendant has committed a subsequent felony while awaiting the disposition of the prior charged offense may run consecutively with a sentence for the subsequent felony is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed; such purpose is laudable, rational and the statute reasonably tends to achieve that purpose (MCLA 768.7b).

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Sᴛᴀᴛᴜᴛᴇꜱ—Cᴏɴꜱᴛɪᴛᴜᴛɪᴏɴᴀʟ Lᴀᴡ—Cᴏɴꜱᴇᴄᴜᴛɪᴠᴇ Sᴇɴᴛᴇɴᴄᴇꜱ—Dɪꜱᴄʀᴇᴛɪᴏɴ.

A statute is not constitutionally unsound because it provides that

---

Rᴇғᴇʀᴇɴᴄᴇꜱ ғᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ

[1, 2] 13 Am Jur 2d, Burglary §§ 8–26.

[3] 21 Am Jur 2d, Criminal Law §§ 547, 551, 567.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 533–546, 569, 572.

[6] 21 Am Jur 2d, Criminal Law § 547.

[7] 21 Am Jur 2d, Criminal Law § 530.

the imposition of a consecutive sentence under certain conditions is permissive thereby making judicial discretion the sole determinant because the exercise of sound judicial discretion is contemplated in the imposition of *any* sentence (MCLA 768.7b).

5. CRIMINAL LAW—FELONY—CONSECUTIVE SENTENCES—VALIDITY—BOND.

Under the statute which permits sentences to run consecutively where a defendant is charged with a felony and pending the disposition of the charge commits a subsequent offense which is a felony and is convicted of that subsequent offense as well as of the prior offense, inquiry into the validity of the first conviction is not relevant, since if it is overturned on appeal or otherwise the prisoner automatically starts serving his sentence on the subsequent conviction; the only issue of fact is whether at the time of the commission of the second offense the defendant was at liberty on bond on another charge (MCLA 768.7b).

6. CRIMINAL LAW—FELONY—CONSECUTIVE SENTENCES—DUE PROCESS—TRIAL—PRESENTENCE REPORT.

Due process does not require another adversary hearing to fix the time of the crime of which a defendant was convicted under the statute which permits sentences to run consecutively where a defendant charged with a felony and pending the disposition of the charge commits a subsequent offense which is a felony and is convicted of that subsequent offense as well as the prior offense, because such information can be readily ascertained and contained in a presentence report (MCLA 768.7b, 771.14).

7. CRIMINAL LAW—FELONY—CONSECUTIVE SENTENCES—PRESENTENCE REPORT—ALLOCUTION.

A defendant subject to consecutive sentencing should be so advised and be given the opportunity, during allocution, to explain, correct or deny any information in his presentence report upon which consecutive sentencing would be appropriate (MCLA 768.7b, 771.14).

Appeals from Genesee, Philip C. Elliott, J. Submitted Division 2 June 21, 1973, at Detroit. (Docket Nos. 15374, 16032.) Decided August 29, 1973.

Melvin Bonner and Reilly Browder were convicted of breaking and entering with intent to

commit larceny. Defendants appeal. Cases consolidated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*W. Schuyler Seymour, Jr.,* for defendant Bonner.

*Raymond C. June,* for defendant Browder.

Before: J. H. GILLIS, P. J., and FITZGERALD and BASHARA, JJ.

J. H. GILLIS, P. J. Defendants, Melvin Bonner and Reilly Browder, along with Lucious Miller, were convicted by a jury of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305. Defendants, Bonner and Browder, appeal as of right alleging separate issues. The cases have been consolidated on appeal.

At trial the prosecution's evidence showed the owner of a real estate office in Flint, Michigan, fearful of repeated breaking and enterings, installed an alarm system in his building which included interior microphones from which he could monitor activity inside the building from his house a short distance away.

At approximately 2 a.m. one morning he heard the sound of breaking glass via the monitoring system. He called police and then went to the scene. A police car 1-1/2 blocks away arrived first. One police officer positioned himself near the rear of the building and saw defendant Bonner supporting Lucious Miller by his feet while the latter tried to pull himself through a broken window. Defendant Browder was positioned as a lookout

surveying the front of the building and from time to time returned to the point of entry, presumably with status reports. The officer and his partner, who had sealed off the driveway at the front of the building, announced their presence, and after an abortive attempt to flee, defendants were arrested. Defendants Bonner and Miller were observed to have small shards of glass in their hair and cuts on their hands. A brick was found at the scene on which shards of glass were found embedded.

Defendant Bonner maintains that evidence is insufficient to allow a jury finding of the specific intent to commit larceny necessary to support the charge for which he was convicted. We disagree. As stated in *People v Palmer,* 42 Mich App 549, 551; 202 NW2d 536, 538 (1972):

> "We could safely generalize that breaking and entering is not undertaken as an end in itself, nor as an avenue to innocent pastimes. It is usually the first step toward the commission of some further criminal act in the invaded premises."

Thus, it can be readily inferred that the act of breaking and entering, here established beyond peradventure, carries with it *some* further criminal intent. Whether the specific intent is larcenous is a question for the jury, provided that at least some circumstance reasonably leads to that conclusion. *People v Palmer, supra,* 552.

This case is not unlike *People v Lambo,* 8 Mich App 320; 154 NW2d 583 (1967), where it was held that the unexplained presence of the defendant in a grocery store at 3:45 a.m. pursuant to an obvious forced entry was sufficient to support a finding of larcenous intent. *Cf. People v Hughes,* 27 Mich App 221; 183 NW2d 383 (1970). Here, the unexplained breaking and entering took place at 2 a.m.

and involved a commercial business office shown to have contained dictating equipment, adding machines, tape recorders and amplifiers. We decline to hold that because the police arrived promptly and placed defendants under arrest before the venture was completed that a jury may not infer larcenous intent from these facts and circumstances.

Our review of the record reveals no prejudicial error occurred in trial court instructions to the jury and the failure of defense counsel to make an opening statement, while irregular, does not merit reversal in this case. See GCR 1963, 507.1; see also 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 393.

At sentencing it was shown that at the time of the commission of the offense, defendant Browder was on bond awaiting trial on 2 counts of breaking and entering and 1 count of attempted breaking and entering, and that he had since been convicted and sentenced to 4 to 15 years in prison. The trial court informed defendant that MCLA 768.7b; MSA 28.1030(2), allowed a consecutive sentence to be imposed for this present but subsequent felony conviction, and allowed defendant and his counsel a brief recess to examine that statute. Thereafter, defendant Browder was sentenced to five to ten years in prison, the term to commence when he had completed his prior prison sentence on the other charges.

Defendant Browder now attacks the constitutional validity of the statute and the procedures by which it was implemented in his case.

MCLA 768.7b, *supra,* provides:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or

acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, *may* run consecutively." (Emphasis supplied.)

Defendant concedes that the Legislature may differentiate, as it has by the above statute, two classes of persons; those who have committed subsequent felonies while on bond and those who have not, and provide for different punishments between those classes. We think that is a wise concession. The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed. Such a purpose is laudable, rational and the statute reasonably tends to achieve that purpose. See *Naudzius v Lahr,* 253 Mich 216; 234 NW 581 (1931).

Rather, defendant's concern is that all persons subject to consecutive sentencing are not treated alike. The statute is permissive; a sentence imposed on the bonded offender "may run consecutively". The essence of defendant's theory is that if judicial discretion is the sole determinant, inequity will result. We disagree. The exercise of sound judicial discretion is contemplated in our law in the imposition of *any* sentence. We decline to interfere by interposing artificial standards not correlated to the concept of individualized justice implicit in the exercise of discretion by the sentencing judge. *Cf. People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Defendant next challenges the consecutive sentencing statute on the ground that it provides no hearing and no opportunity to challenge the substantive facts necessary to make the statute operative. Reference is made to MCLA 769.13; MSA

28.1085, which provides that those accused of being habitual criminals may have trial by jury on the issues of the identity of the accused as related to the alleged former convictions. See *In re Brazel,* 293 Mich 632; 292 NW 664 (1940).

Since it is apparent that a person subject to consecutive sentencing is also within the class of persons subject to prosecution as an habitual criminal, a somewhat detailed analysis of the history of the power to sentence consecutively vis-a-vis the prosecution of criminal recidivists is necessary to understand why due process does not require trial of the substantive facts before imposition of a consecutive sentence and why different treatment is in order.

Prosecution as an habitual criminal first requires one, two or three prior convictions. MCLA 769.10 *et seq.;* MSA 28.1082, *et seq.* The prior convictions may be for crimes within this state or for crimes under the laws of any other "state, government or country * * * which if committed within this state, would be a felony". The statutes do not specify when the prior felony may have occurred, but only that at some point conviction resulted. Prosecution may be instituted in the first instance as a repeated offense, or by supplemental information following conviction of the second or subsequent offense. MCLA 769.13, *supra.* In either case, the issues litigated concern the identity of the accused as related to the fact of former conviction. *In re Brazel, supra.* The effect of successful prosecution under those statutes is to automatically lengthen the maximum sentence for which the multiple offender may be incarcerated on the principal charge since by law the *maximum* sentence for a given crime is always imposed; judicial discretion operates to vary only the minimum

punishment. See MCLA 769.8; MSA 28.1080, *People v Walton,* 17 Mich App 687; 170 NW2d 315 (1969). It is possible that complex factual or legal arguments concerning the validity of the prior convictions could be relevant considerations. See *Chewning v Cunningham,* 368 US 443; 82 S Ct 498; 7 L Ed 2d 442 (1962).

Consecutive sentencing while not unknown at common law was not permitted in Michigan. *In re Bloom,* 53 Mich 597; 19 NW 200 (1884); *In re Lamphere,* 61 Mich 105; 27 NW 882 (1886); *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948). The present statutory authorization, MCLA 768.7b, *supra, presupposes* the defendant to be already under a sentence. The effect of consecutive sentencing is not to increase the maximum punishment prescribed for the second offense but merely postpones the time at which the second sentence will commence. Inquiry into the validity of the prior conviction is not relevant, since if overturned on appeal or otherwise, the prisoner automatically starts serving his sentence on the subsequent conviction. Indeed, the only issue of fact is whether, at the time of the commission of the second offense, the defendant was at liberty on a bond for another charge.[1]

It is our opinion that due process does not require yet another adversary hearing to again fix the time of the crime for which the defendant was convicted. Nor can we conceive that a jury should be called upon to determine if that date coincides with the period during which the defendant was on bond for the other charge for which he was, of necessity, convicted.

---

[1] We find it exceedingly difficult to imagine how a defendant under a prison sentence, brought to court from prison by court officers, could challenge the only other fact to be established before the statute becomes operative, *i.e.,* his incarceration for another offense.

Rather, such information can be readily ascertained and contained in a presentence report as part of the "antecedents, character and circumstances" of the defendant. MCLA 771.14; MSA 28.1144. As in the case at bar, the defendant should be advised that he is subject to consecutive sentencing and be given the opportunity, during allocution, to explain, correct, or deny such information.

As we have stated in *People v Zachery Davis,* 41 Mich App 683, 692; 200 NW2d 779, 784 (1972), and as stated in *People v Malkowski,* 385 Mich 244, 249; 188 NW2d 559, 562 (1971):

"It is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information."

If, for some reason, a defendant contends the information in the presentence report is erroneous, the asserted facts upon which consecutive sentencing would be appropriate should be supported by proof. See *People v Zachery Davis, supra.* Since, in this case, defendant, while represented by counsel, admitted the operative facts, we hold his consecutive sentence to be in order. See *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962).

Affirmed.
All concurred.