## PEOPLE v WILLIAMS

Docket Nos. 31245; 77-4287. Submitted February 5, 1979, at Detroit.— Decided April 17, 1979. Leave to appeal denied, 406 Mich 992.

Robert A. Williams, while on bond awaiting disposition of other unrelated felony charges, was arrested and charged with two separate offenses of breaking and entering an occupied dwelling. These offenses occurred on April 7, 1976, and May 8, 1976; however, the complaint as to the former was not sworn out until May 10, 1976. Defendant was sentenced on the previous felony charges to a term of 5 to 15 years imprisonment. Upon his pleas of guilty to the two breaking and entering charges, defendant was sentenced in Wayne Circuit Court, Michael L. Stacey, J., to 3 years and 9 months to 15 years prison terms on each of these charges. These sentences were ordered to run consecutively, not only to the sentences for the prior unrelated felonies, but also to each other. Defendant appeals. *Held:*

1. Sentences for felonies may not be made to run consecutively in the absence of statutory authority.

2. The trial court lacked authority to order the sentences for the April 7 and May 8 offenses to run consecutively to each other.

Remanded for resentencing.

1. Criminal Law — Consecutive Sentences — Statutes.

Sentences for felonies may not be made to run consecutively in the absence of statutory authority.

2. Criminal Law — Consecutive Sentences — Subsequent Felonies — Statutes.

A sentence for a subsequent felony conviction cannot run consecutive to a sentence for an earlier felony conviction unless the earlier felony is charged before the second is committed; this rule applies even where both felonies are committed pending disposition of a prior third felony charge (MCL 768.7b; MSA 28.1030[2]).

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 547.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* and *Lynn Chard,* Assistant State Appellate Defenders, for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. While on bond awaiting disposition of other unrelated felony charges, defendant was arrested and charged with two separate offenses of breaking and entering an occupied dwelling. One of the offenses occurred on April 7, 1976. The other happened on May 8, 1976. The complaint as to the former was not sworn out until May 10, 1976. Defendant was sentenced on the previous felony charges to a term of from 5 to 15 years imprisonment. Subsequently, he pled guilty to the two breaking and entering charges and was sentenced to two terms of from 3 years and 9 months to 15 years imprisonment. The judge ordered each term to run consecutively, not only to the sentences for the prior unrelated felonies, but to each other as well. Defendant appeals as of right. He claims two errors in the court's imposition of consecutive sentences.

The issues raised by defendant's appeal are framed by the following law in this state. A court lacks authority to order consecutive terms of imprisonment absent statutory authority. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964). Section

7b of the Code of Criminal Procedure for Trials provides:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively." MCL 768.7b; MSA 28.1030(2).

"The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed." *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973). The statute should be construed liberally to achieve the deterrent effect intended by the Legislature. *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977).

Defendant concedes the trial judge had authority under § 7b to order the sentences for his April 7 and May 8 felonies to run consecutively to his sentence for the prior unrelated felonies. He submits, however, the trial judge had discretion under § 7b to make the sentences run concurrently. The court's failure to exercise that discretion is alleged to be in violation of the policy of tailoring sentences to fit each case and each offender. Defendant further contends the trial court erred in ordering the sentences for his April 7 and May 8 offenses to run consecutively to each other. He argues that § 7b does not authorize those sentences to run consecutively, since the May 8 felony was committed before the April 7 felony had been charged.

In response to defendant's first claim, the state maintains that the transcript shows the trial court

did recognize and exercise its discretion under § 7b. In answer to defendant's second claim, the state contends that defendant's construction of § 7b would thwart the statute's purpose. "Under defendant's interpretation," the people argue, "he would have the security of knowing he could receive only one consecutive sentence, no matter how many crimes he committed while on bond."

We find defendant's first claim to be without merit. No extended discussion of the issue is necessary. Taken as a whole, the record shows that the trial judge exercised his discretion. Defendant's second claim, however, is valid and necessitates a remand for resentencing. We agree the trial judge lacked authority under § 7b to order the sentences for the April 7 and May 8 offenses to run consecutively to each other. The sentence for a subsequent felony cannot run consecutively to the sentence for an earlier felony unless the earlier felony is charged before the second is committed. This rule obtains even when both felonies are committed pending disposition of a third felony charge.

Our construction of § 7b is supported by the statute's clear language. Before a judge can impose consecutive sentences, it must be shown that the defendant committed a felony when he had been charged with another felony, and when disposition of the other felony charge was pending. Upon that showing, the statute provides that the sentences imposed for conviction of the *prior charged* felony and any subsequent offense may run consecutively. It does not further provide that the sentences for any subsequent offense may run consecutively to each other simply because they were all committed pending disposition of the first charge.

Our construction of § 7b is also consistent with the statute's purpose. Our interpretation does not

achieve the greatest deterrent effect, but does achieve what we believe to be the intended deterrent effect.

The intended effect of § 7b can best be seen by analyzing the deterrence situation that exists before and after a felony has been charged. In general, once a criminal defendant has been charged with a felony, the level of deterrence against his commission of a second felony drops. Section 7b restores the level of deterrence to its pre-charge plateau. It does not, however, raise the level of deterrence above that plateau.

When a person has committed a felony for which he has not yet been charged, he has the security, under *In re Carey, supra,* of knowing that the sentence for any subsequent felony will run concurrently with the sentence for his first crime. The primary deterrent against his commission of a second felony at that point is the risk of being "caught". The further risk of receiving an additional concurrent sentence is minimal. Logically, the risk of another consecutive sentence would heighten the deterrence against his commission of the second felony. For countervailing reasons, nevertheless, the *Carey* Court chose not to impose that added risk, except in legislatively proscribed situations.

Once a person has been "caught" or charged with the commission of a felony, the threat of being "caught again" would have minimal deterrent effect, unless at that point it carried the additional risk of a consecutive sentence. Thus, § 7b authorizes consecutive sentences under the conditions specified above. Until the defendant is charged with a subsequent felony, however, he remains secure in the knowledge that the sentences for any subsequent felonies will run concur-

rently with each other. That is the security he enjoyed before he was charged with the first felony. It is the type of security *In re Carey* allows. Logically again, it can be argued that § 7b would achieve a greater deterrent effect if read the way the state would have us read it. That argument, however, is an indictment against the general rule favoring concurrent sentences rather than an indictment against our construction of § 7b.

Under our interpretation of § 7b, a defendant does not have the security of knowing he will receive only one consecutive sentence, no matter how many crimes he commits while out on bond. Once a second felony is charged, the sentence therefor and the sentences for all offenses committed pending its disposition may run consecutively.

Remanded for resentencing.