## PEOPLE v WATERMAN

Docket No. 75226. Submitted December 5, 1984, at Lansing.—Decided February 6, 1985.

Kenneth D. Waterman was convicted, on his plea of guilty, of uttering and publishing a forged instrument, Oakland Circuit Court, Gene Schnelz, J., and was sentenced to a prison term to run consecutively to a term he was then serving in the State of Texas. After the commission of the crime of uttering and publishing, defendant was informed by his girlfriend that the police were seeking him. A warrant was issued. Defendant left Michigan and went to Texas. He was convicted of breaking and entering and sentenced to prison in Texas. Defendant then waived extradition and was returned to Oakland County where he was convicted of uttering and publishing. Defendant appealed. *Held:*

The statute which provides for consecutive sentences upon conviction for one who, pending one felony charge, commits another felony applies where, at the time of the commission of the second felony, a warrant had been issued with regard to the first felony and the defendant had notice that the authorities were seeking him in regard to it.

Affirmed.

M. J. KELLY, J., dissented. He would hold that a defendant must be apprehended on a warrant before disposition of the charge can be considered to be "pending" within the meaning of the consecutive sentencing statute. He would remand for a sentence to run concurrently with the sentence in Texas.

### OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

   The statute which provides for consecutive sentences upon conviction for one who, pending one felony charge, commits another felony applies where, at the time of the commission of the second felony, a warrant had been issued with regard to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 552, 554.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

first felony and the defendant had notice that the authorities were seeking him in regard to it (MCL 768.7b; MSA 28.1030[2]).

DISSENT BY M. J. KELLY, J.

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

*A defendant must be apprehended on a warrant before disposition of the charge can be considered to be "pending" within the meaning of the consecutive sentences statute (MCL 768.7b; MSA 28.1030[2]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varner,* Assistant Prosecuting Attorney, for the people.

*Shirley A. Saltzman,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and M. J. KELLY and K. N. SANBORN,* JJ.

K. N. SANBORN, J. Defendant pled guilty to uttering and publishing, MCL 750.249; MSA 28.446, and was sentenced to 1-1/2 to 14 years' imprisonment, the sentence to run consecutively to a 5- to 99-year prison sentence which he was serving in the State of Texas. He appeals as of right.

Defendant contends that the trial court had no authority to impose a consecutive sentence in this case. We do not agree. A consecutive sentence may not be imposed in Michigan except when specifically authorized by statute. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964); *People v Williams,* 89 Mich App 633; 280 NW2d 617 (1979), *lv den* 406 Mich 992 (1979). Statutory authorization is provided in the instant case by MCL 768.7b; MSA 28.1030(2), which states:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively."

Defendant committed the present offense on November 30, 1979. According to the facts stated in the presentence report, defendant's girlfriend told defendant the following morning that the police were looking for him. At that time defendant left the State of Michigan and eventually arrived in Texas. A warrant was issued in the present case on March 19, 1980, and apparently remained outstanding for over three years. In April, 1983, the Michigan State Police were informed that defendant had been arrested in Texas and a hold was placed on him. Defendant was convicted in Texas of breaking and entering and was sentenced to 5 to 99 years' imprisonment. He then waived extradition and was returned to Oakland County to stand trial on the present charge.

The pivotal issue is whether defendant had a pending felony charge at the time he committed the subsequent offense in Texas. In *People v Williams, supra,* p 636, the general rule was stated that under § 7b, the sentence for a subsequent felony cannot run consecutively to the sentence for an earlier felony unless the earlier felony *is charged* before the second is committed. If we look only to the date of the warrant, it is clear that a felony charge was pending at the time defendant committed the subsequent offense in Texas. In *People v Henry,* 107 Mich App 632; 309 NW2d 922

(1981), however, a panel of this Court interpreted § 7b as permitting consecutive sentencing only if the defendant *had notice* of the pending criminal warrant at the time he committed the subsequent felony. The Court found such a construction necessary to further the intended purpose of the statute, which is to "deter persons accused of one crime from committing others by removing the security of concurrent sentences". *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973). The *Henry* Court stated, *supra,* p 637:

"Even though a warrant had been issued, defendant was not aware that his previous criminal activity was the subject of a criminal prosecution. The Legislature's choice of the language 'when a person, who has been charged with a felony *and* pending the disposition of the charge * * *' (emphasis added) implied more than the issuance of a warrant; an element of notice exists. We, therefore, conclude that defendant must be apprehended on the warrant before disposition of the charge can be considered pending within the meaning of MCL 768.7b; MSA 28.1030(2)."

While we agree with the *Henry* Court that an element of notice exists, we do not agree that defendant must be apprehended on the warrant before disposition of the charge may be considered pending within the meaning of § 7b. Moreover, we do not read § 7b as requiring that the defendant have actual notice of the warrant at the time the second offense is committed. Rather, we hold that § 7b permits consecutive sentencing if the second offense is committed at a time when a warrant has been issued in the original offense and defendant has notice that the authorities are seeking him with regard to that specific criminal episode. We believe this interpretation comports with the language of the statute and provides the deterrent effect intended by the Legislature.

The record sufficiently demonstrates that, at the time defendant committed the second offense in Texas, a warrant had been issued in the present case and defendant had notice that the Michigan authorities were seeking him with regard to this offense. We therefore conclude that a consecutive sentence was properly imposed under § 7b.

Defendant's second issue is without merit. The trial court at the plea proceeding was not required to advise defendant of the consecutive sentencing consequences of his plea. GCR 1963, 785.7, *People v Boswell*, 95 Mich App 405, 410; 291 NW2d 57 (1980).

Affirmed.

J. H. GILLIS, P.J., concurred.

M. J. KELLY, J. *(dissenting).* I would follow the logic of *People v Henry*, 107 Mich App 632, 637; 309 NW2d 922 (1981), and hold that "defendant must be apprehended on the warrant before disposition of the charge can be considered pending within the meaning of MCL 768.7b; MSA 28.1030(2)".

The majority distinguishes this case from *Henry* on the basis of the "investigator's description of offense", part of the "predisposition investigation" analysis appended to the Oakland County presentence report:

"This writer talked with the defendant, Kenneth Duncan Waterman, at the Oakland County Jail in regards to this instant offense. He was cooperative in providing information relating to the offense and admission of responsibility of the criminal act. Reportedly, Mr. Waterman stated that he had lived together with the complainant, Mr. King, when Mr. King was busted for a cocaine charge and lodged at the Oakland County Jail. At that time, he states that he and Sheryl Kinney,

talked him into writing an account *[sic]* from King's account. He reports taking only one check and writing it for the amount of twenty-two hundred and fifty dollars, cashing it at the Community National Bank. He reportedly stated that he was drunk at the time of this offense. He reports waking up the next morning, Sheryl Kinney informing him that the police were looking for him. He states at that time, he left the State of Michigan to Missouri * * *."

Such a flimsy connection to the "element of notice", found by both the *Henry* Court and the majority here to be a requirement of consecutive sentencing, is far too tenuous for my consumption. I would follow *People v Henry* and remand for concurrent sentencing.